IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1045 |
| | : | |
| STARBUCKS,<br>　　Defendant. | : | |

MEMORANDUM

**PEREZ, J.**                                                                                                              **MARCH 19, 2024**

James Mosley, a frequent litigator in this Court, has filed a Complaint *pro se* against Starbucks asserting a claim for defamation under Pennsylvania law.[1] Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley *in forma pauperis* status, and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   FACTUAL ALLEGATIONS**[2]

Mosley alleges that his character was defamed on or about November 21, 2023, when legal counsel for Starbucks filed a motion *in limine* in a personal injury case brought by Mosley against Starbucks in the Philadelphia Court of Common Pleas. (Compl. at 3.) The state court

---

[1] In addition to this case, Mosley has filed at least eleven other *pro se* civil actions in this Court since 2022. See *Mosley v. Huggins*, No. 22-5212; *Mosley v. Bank of Am.*, No. 23-30; *Mosley v. Jensen Bagnato, P.C.*, No. 23-562; *Mosley v. Ten Penn Center*, No. 23-813; *Mosley v. City of Philadelphia*, No. 22-1665; *Mosley v. City of Philadelphia*, No. 23-2248; *Mosley v. Bagnato*, No. 23-2996; *Mosley v. Starbucks Corp.*, No. 23-4000; *Mosley v. Bartle*, No. 23-4169; *Mosley v. Young*, No. 24-504; *Mosley v. Cipriani & Werner, PC*, No. 24-510. Civil Actions 23-813, 23-4000, and 24-510 also involved the incident at Starbucks that underlies his current case.

[2] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2) and attached exhibits. The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

motion, attached by Mosley to his Complaint (*see* ECF No. 2-1), sought to bar mention of an incident report prepared by an employee of Starbucks following an alleged slip and fall inside the store. The employee listed the nature of the incident as "indecent exposure." (*Id*. at 10.) The motion apparently asserted that the employee erred in selecting that choice from a drop down menu when he or she prepared the report, and argued that mentioning the report or permitting the report to be shown to a jury would create prejudice and confusion. (*Id*. at 3-4.) Mosley alleges that, contrary to the explanation argued in the motion, describing the incident as indecent exposure was a "criminal act[,] a defamation of character/libel causing [his] civil rights to be disregarded[,] prejudice to jury/trial as stated in Defendant[']s Motion In Limine submitted through Starbucks['s] attorney in the Court of Common Pleas. . . ."[3] (Compl. at 3.) He seeks $25 million in damages. (*Id*. at 4.)

## II.     STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] While he mentions "civil rights" in his Complaint, Mosley is clear that he seeks only to assert a state law defamation claim against Starbucks, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl. at 2-3.) In Mosley's prior case in this Court against Starbucks, *Mosley v. Starbucks Corp.*, No. 23-4000, his federal civil rights claims were dismissed because Starbucks is not a "state actor" as that term is used in 42 U.S.C. § 1983. *Mosley v. Starbuck Corp.*, No. 23-4000, 2023 WL 7285371, at *4 (E.D. Pa. Nov. 3, 2023). Any state law claim in that case was dismissed without prejudice because Mosley failed to adequately allege that the parties were of diverse state citizenship. *Id*.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Under Pennsylvania law, "[d]efamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements." *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. Ct. 2008) (citing *Zartman v. Lehigh County Humane Soc'y*, 482 A.2d 266, 268 (Pa. Super. Ct. 1984)). The elements of Pennsylvania defamation law are defined by statute. In order to assert a plausible claim for defamation a plaintiff has the burden of alleging:

> (1) The defamatory character of the communication.
> (2) Its publication by the defendant.
> (3) Its application to the plaintiff.
> (4) The understanding by the recipient of its defamatory meaning.
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.
> (7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. § 8343(a). However, under Pennsylvania law, parties to a judicial proceeding as well as their attorneys enjoy an absolute privilege against defamation suits for any statements made during the course of those proceedings. *Doe v. Kohn Nast & Graf, P.C.*, 866 F. Supp. 190,

194 (E.D. Pa. 1994) (citing *Binder v. Triangle Publications, Inc.*, 275 A.2d 53, 56 (Pa. 1971)). Mosely's defamation claim focuses solely on the information contained in the motion *in limine* filed in state court.  As the statement in the motion in *limine* was clearly made during the course of a judicial proceeding, Mosley's state law defamation claim is not plausible and is dismissed with prejudice since any attempt at amendment of the claim would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend should be granted unless amendment would be inequitable or futile).

                                                 **BY THE COURT:**

                                                 **MIA R. PEREZ, J.**